J-S23036-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
  :   PENNSYLVANIA
  :
             v.   :
  :
  :
  :
JALIK PEAY   :
  :
         Appellant   :   No. 178 EDA 2025

Appeal from the PCRA Order Entered November 14, 2024
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0014638-2011

BEFORE: STABILE, J., MURRAY, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.:         **FILED OCTOBER 15, 2025**

Jalik Peay ("Peay") appeals from the order dismissing as untimely his serial petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1] Because Peay has failed to prove an exception to the PCRA's jurisdictional time-bar, the PCRA court correctly concluded that it, like this Court, has no jurisdiction over Peay's untimely petition. Consequently, we affirm.

This Court previously set forth the factual history of this case as follows:

Aaron Young [("Young")] allegedly had a dispute with inmate Sean Sullivan [("Sullivan")] over a [prison cell] block worker job in Curran-Fromhold Correctional Facility. [In June 2011,] Sullivan passed "bangers" [(*i.e.*, prison knives)] to [Peay], Rashawn Edwards [("Edwards")], and Haleem Poole [("Poole"),] and devised a plan of attack; the plan included distracting the prison guards so that the perpetrators could invade cell 15 which housed victims Young and Richard Gyton [("Gyton")]. Earl Bostic [("Bostic")] was nearby watching television in a dayroom when he was attacked by [Peay], [] Edwards, and [] Poole. Bostic died of

_____

[1] *See* 42 Pa.C.S.A. §§ 9541-9546.

multiple stab wounds to the neck, chest, back, and right arm, one of which partially severed his aorta. Gyton and Young were seriously injured when they were stabbed in the hand, head, arm, and stomach by [Peay], [] Edwards, and [] Poole. The perpetrators used shanks and bangers to carry out the bloody attacks.

Police officers interviewed Gyton at Hahnemann Hospital at the time he was being treated for his stab wounds. The officers memorialized Gyton's statements in a document, which was later read into the record at both the preliminary hearing and at [the jury] trial. In the document, Gyton identified [Peay], [] Edwards, and [] Poole[] as the individuals who stabbed the inmate-victims. At trial, however, Gyton testified he did not know who stabbed him, he recanted statements he allegedly made during a prison assessment that indicated he needed to be separated in jail from [Peay], [] Edwards, and [] Poole because he feared they would harm him again, and he testified about a letter he sent to [Peay], [] Edwards, and [] Poole explaining that his "story" about them committing the crimes had been fabricated.

Young did not testify.

The jury convicted [Peay] of third-degree murder, conspiracy, possession of an instrument of crime, and using or possessing a prohibited offensive weapon. The court imposed an aggregate sentence of forty to eighty years' imprisonment. [Peay] appealed, this Court affirmed [i]n January [] 2015, and the Pennsylvania Supreme Court denied [his] petition for allowance of appeal on July 23, 2015.

*Commonwealth v. Peay*, 1242 EDA 2017, 2018 WL 4572026 (Pa. Super. Sept. 25, 2018) (unpublished memorandum at *1) (internal indentation and citations omitted; some brackets in original).

The PCRA court detailed the procedural history of this case following the completion of direct review:

. . . [I]n October [] 2015, [Peay] filed a timely *pro se* [PCRA] petition, his first. [I]n March [] 2017, after an evidentiary hearing, th[e c]ourt dismissed the petition. [Peay] appealed[,] and [i]n

- 2 -

September [] 2018, the Superior Court affirmed th[e] dismissal of his petition. [I]n March [] 2019, the Supreme Court of Pennsylvania denied his petition for allowance of appeal.

[I]n October [] 2019, [Peay] filed a subsequent PCRA petition, his second. [I]n December [] 2019, th[e PCRA c]ourt dismissed the petition. [Peay] did not appeal the dismissal.

On August 21, 2024, [Peay] filed the instant PCRA petition, his third. On October 10, 2024, th[e PCRA c]ourt issued a notice of intent to dismiss pursuant to Pa.R.Crim.P. 907. [Peay] sent a response to th[e] court's [Rule] 907 notice, which was received on October 29, 2024.

PCRA Ct. Op., 11/14/24, at 2 (some unnecessary capitalization omitted). The PCRA court thereafter dismissed Peay's petition on November 14, 2024, and Peay timely appealed.[2,3]

Peay raises the following issues for our review:

A. Did the Commonwealth's failure to disclose any of the misconduct on behalf of Detectives Scally and Burke not trigger a ***Brady***[4] violation?

B. Was counsel not ineffective for allowing [Peay's] due process to be violated by not having the Commonwealth bring specific charges against him?

---

[2] While Peay's notice of appeal was contained in an envelope postmarked December 13, 2024, he erroneously sent the notice of appeal to this Court instead of the PCRA court. The clerk of courts docketed the notice of appeal for the mailing date pursuant to the prisoner mailbox rule. ***See Commonwealth v. DiClaudio***, 210 A.3d 1070, 1074 (Pa. Super. 2019).

[3] The PCRA court did not order Peay to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b), and did not file a Rule 1925(a) opinion.

[4] ***See Brady v. Maryland***, 373 U.S. 83 (1963).

C. Was counsel not ineffective when he did not properly prepare for trial by only defending [Peay] against the most severe of the charges?

Peay's Am. Br. at 1-2.

Our standard of review of an order dismissing a PCRA petition is well-settled:

> Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error. We view the record in the light most favorable to the prevailing party in the PCRA court. We are bound by any credibility determinations made by the PCRA court where they are supported by the record. However, we review the PCRA court's legal conclusions *de novo*.

*Commonwealth v. Staton*, 184 A.3d 949, 954 (Pa. 2018) (internal citation and quotations omitted). The PCRA petitioner "has the burden to persuade this Court that the PCRA court erred and that such error requires relief." *Commonwealth v. Wholaver*, 177 A.3d 136, 144–45 (Pa. 2018) (internal citations omitted).

Before proceeding to the merits of Peay's issues, we must first determine whether we have jurisdiction over Peay's appeal. Under the PCRA, any petition "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. *See Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010); *see also Commonwealth v. Woolstrum*, 271 A.3d 512, 513

(Pa. Super. 2022) (providing that "[i]f a PCRA petition is untimely, courts lack jurisdiction over the petition") (internal citations omitted). Pennsylvania courts may nevertheless consider an untimely PCRA petition if the petitioner can plead and prove one of three exceptions set forth in section 9545(b)(1)(i)-(iii), and he filed his PCRA petition invoking a timeliness exception within one year of the date the claim could have been presented. *See* 42 Pa.C.S.A. § 9545(b)(2).

The newly discovered facts exception in section 9545(b)(1)(ii) provides that "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence[.]" 42 Pa.C.S.A. § 9545(b)(1)(ii). The focus of the newly discovered facts exception is on new facts; therefore, the discovery of new sources for previously known facts will not establish a timeliness exception. *See* ***Commonwealth v. Marshall***, 947 A.2d 714, 720 (Pa. 2008). Due diligence demands that the petitioner take reasonable efforts to protect his own interests and explain why he could not have learned the new facts earlier despite such efforts. *See Commonwealth v. Medina*, 92 A.3d 1210, 1216 (Pa. Super. 2014) (*en banc*); ***see also Commonwealth v. Sanchez***, 204 A.3d 524, 527 (Pa. Super. 2019) (concluding the petitioner had failed to show due diligence where he did not explain how the facts "could not have been ascertained sooner by the exercise of due diligence"). The petitioner's inability to ascertain a fact by the exercise of due diligence is a factual question for the

PCRA court. *See Commonwealth v. Branthafer*, 315 A.3d 113, 128 (Pa. Super. 2024). The focus of this exception is on newly discovered facts, not on a newly discovered or newly willing source for previously known facts. *See Commonwealth v. Lopez*, 249 A.3d 993, 1000 (Pa. 2021).

Any PCRA petition invoking an exception under section 9545(b)(1) "shall be filed within one year of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2); *see also Commonwealth v. Williamson*, 21 A.3d 236, 242 (Pa. Super. 2011) (holding that "a petitioner invoking section 9545(b)(1)[] *must still comply with section 9545(b)(2)* by presenting the claim within [one year] of discovering the new fact") (internal citations omitted; emphasis in original).

Peay's judgment of sentence became final in October 2015, ninety days after the Pennsylvania Supreme Court denied Peay's petition for allowance of appeal in July 2015 and the time expired for Peay to petition the U.S. Supreme Court for a writ of certiorari. *See*, *e.g.*, *Commonwealth v. Harris*, 972 A.2d 1196, 1202 (Pa. Super. 2009). Accordingly, Peay had until October 2016 to file a timely PCRA petition. Peay's present serial petition, filed in August 2024, nearly eight years after his judgment of sentence became final, is thus facially untimely.[5] Accordingly, we must determine whether Peay invoked an exception to the PCRA's jurisdictional time-bar.

_____

[5] *Accord* PCRA Ct. Op., 12/5/19, at 3-4 (concluding Peay's prior PCRA petition, filed in October 2019 was untimely by approximately three years).

The PCRA court concluded Peay's petition was untimely and declined to exercise jurisdiction over it. **See** PCRA Ct. Op., 11/14/24, at 3-4.[6] Our review of the record confirms that Peay did not plead a specific exception to the PCRA's timeliness requirement. **See generally** PCRA Pet., 8/21/24; **see also** Mem. of Law in Support of Petition for Post Conviction Relief Act, 8/21/24. Similarly, in his appellate brief, Peay fails to expressly state which timeliness exception, if any, he asserted. On this basis, Peay has failed to invoke the PCRA court's, and additionally this Court's, jurisdiction over his facially untimely PCRA petition.

While Peay did not expressly invoke a specific timeliness exception in his PCRA petition, we observe that, as he passingly asserted in his PCRA petition, Peay on appeal argues that he learned on July 27, 2024 that two detectives involved in his case, Timothy Scally and Jeffrey Burke, were accused of misconduct in unrelated cases which occurred in 2008 and 2014, respectively. **See** Peay's Am. Br. at 2.[7] Peay does not assert or develop a

_____

[6] The Commonwealth likewise observes that Peay "did not raise or even attempt to prove the applicability of any of the statutory exceptions to the timeliness requirements of the PCRA." Commonwealth's Br. at 8.

[7] As noted above, Peay did not invoke in his PCRA petition a timeliness exception or mention governmental interference. **See generally** PCRA Pet., 8/21/24. Nor did Peay invoke a specific timeliness exception in the accompanying memorandum of law, in which he argued the merits of his petition, rather than explain how the petition satisfied a timeliness exception. **See generally** Mem. of Law, 8/21/24. In his response to the PCRA court's Rule 907 notice, Peay again argued the merits of his **Brady** issue, but still did
*(Footnote Continued Next Page)*

governmental interference timeliness exception pursuant to section 9545(b)(1)(i), but he does reference his discovery of these allegedly "new facts" concerning the misconduct allegations. ***See id***.

Assuming *arguendo* Peay intended to invoke the newly discovered fact exception pursuant to section 9545(b)(1)(ii), we conclude Peay is nevertheless due no relief. While Peay notes that he sent a request to his prison law library on July 21, 2024, requesting information about officers accused of misconduct, he does not explain why he could not have inquired, or learned, about these accusations earlier, nor does he explain what steps, if any, he took prior to July 2024 to learn of these accusations against the detectives. For these reasons, Peay has failed to plead due diligence, and, accordingly, has failed to invoke the PCRA court's, or this Court's jurisdiction over his facially untimely PCRA petition. ***See Marshall***, 947 A.2d at 720; ***Medina***, 92 A.3d at 1216 (providing that due diligence demands that the petitioner take reasonable efforts to protect his own interests and explain why he could not have learned the new facts earlier despite such efforts); ***Sanchez***, 204 A.3d at 527 (concluding the petitioner had failed to show due

_____

not specify which of the PCRA's timeliness exceptions he was attempting to invoke. We note that while a ***Brady*** claim ***may*** satisfy the governmental interference exception, the petitioner must plead and prove that the failure to previously raise the claim was the result of interference by government officials, ***and*** that the information could not have been obtained earlier with the exercise of due diligence. ***See Commonwealth v. Smith***, 194 A.3d 126, 133 (Pa. Super. 2018).

diligence where he did not explain how the facts "could not have been ascertained sooner by the exercise of due diligence"). Accordingly, we affirm the PCRA court's order dismissing Peay's untimely serial PCRA petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/15/2025